Dear Mr. Murchison,
You have requested an opinion of this Office regarding the authority of the Cane River Waterway District (the "District") to regulate certain activities on Cane River Lake ("the Lake").[1] As noted in previous opinions of this Office, the District is governed by the Cane River Waterway Commission (the "Commission") as set forth in La.R.S. 34:3262.[2]
You specifically ask:
 (1) Does the Commission have the authority to close the Lake to motorized boat traffic during times of high and or low water under its delineated powers and authorities set forth in La.R.S. 34:3261, et seq., and specifically La.R.S. 34:3269(13)?
 (2) Is the authority of the Commission limited by any other provision of law, including but not limited to La.R.S. 34:851.1, et seq., and specifically La.R.S. 34:851.27?
La.R.S. 34:3269 sets forth the specific powers and authority granted to the District. It states, in pertinent part, as follows: *Page 2 
 [i]n addition to the powers and authority elsewhere granted in this Chapter, the commission is hereby granted and shall have and may exercise all powers necessary or convenient for the carrying out of its objects and purposes, including, but without limiting the generality of the foregoing, the following:
 *** (13) Notwithstanding any provision of law to the contrary and in particular R.S. 34:851.27, to otherwise regulate and be the regulatory authority of the Cane River Waterway and its use. By example, and not as a limitation, this is to include water traffic regulation, such as the size and speed of boats and other vessels.
La.R.S. 34:3276 further states that "[t]his Chapter shall beliberally construed to promote the purposes for which it was enacted."[3]
In considering your first question above, i.e., whether the Commission has the authority to close the lake to motorized boat traffic during times of high and or low water, La.R.S. 34:3269(13) clearly gives the Commission the authority to regulate the Cane River Waterway, and by example specifically includes the regulation of water traffic. Further, because La.R.S. 34:3276 states that the Cane River Waterway statutes should be liberally construed, this Office is of the opinion that the Commission does possess the authority to close the lake to motorized boat traffic during times of high and or low water under its statutorily-delineated powers and authority.
With regard to your second question, La.R.S. 34:851.27(A) currently states in pertinent part:
 [t]hrough the passage of this Part, the state reserves to itself, through the [Louisiana Wildlife and Fisheries Commission], the right to regulate the operation and to establish the minimum equipment requirements of vessels and motorboats. Except as provided in Subsection B of this Section, R.S. 34:3269(13), and R.S. 33:1236.12, all political subdivisions of this state are expressly prohibited from regulating watercraft in any respect, including, but not limited to, their operation, minimum equipment requirements, registration (with or without a fee), or inspection.[4] *Page 3 
La.R.S. 34:851.1, et seq., as it is currently written was originally enacted pursuant to Act 288 of the 1984 Regular Session. When originally enacted, La.R.S. 34:851.27 did not contain the exceptions for La.R.S. 34:3269(13) (i.e., the Cane River Waterway Commission) and La.R.S. 33:1236.12 as does the current version of the statute. Act 315 of the 1986 Regular Session, which specifically added La.R.S. 34:3269(13) simultaneously added the exception to La.R.S. 34:851.27(A) for the Cane River Waterway Commission's authority to "regulate and be the regulatory authority of the Cane River Waterway and its use."[5]
La. Atty. Gen. Op. No. 85-612, as referenced in your request, answered essentially the same questions asked in your requestprior to the enactment of Act 315 of 1986. In that opinion, this Office correctly stated that "the commission may not adopt ordinances or regulations which attempt to establish speed limits on Cane River in that this power is not within the realm of its granted authority." However, because the law has changed, the conclusions in La. Atty. Gen. Op. No. 85-612 are no longer correct.
Act 315 of 1986 not only added La.R.S. 34:3269(13) but also simultaneously amended La.R.S. 34:851.27. This act also expressly specified that the Cane River Waterway Commission shall regulate and be the regulatory authority of the Cane River Waterway and its use "[n]otwithstanding any provision of law to the contrary and in particular R.S. 34:851.27."[6]
Therefore, this Office is of the opinion that the Cane River Waterway Commission possesses the authority to regulate and be the regulatory authority of the Cane River Waterway and its use, because of its specific exemption from La.R.S. 34:851.27.
CONCLUSION
Act 315 of the 1986 Regular Session added La.R.S. 34:3269(13) and amended La.R.S. 34:851.27 to create an exception for the Cane River Waterway Commission to regulate and be the primary regulatory authority of the Cane River Waterway despite the State's general reservation, in La.R.S. 34:851.27(A), of the right to regulate the operation of and to establish the minimum equipment requirements of vessels and motorboats, and the general prohibition against all political subdivisions of this state regulating watercraft in any respect. *Page 4 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: DANIEL D. HENRY JR. Assistant Attorney General
 JDC/DDH/jv
[1] It should be noted that Act 135 of the 1986 Regular Session also added La.R.S. 34:3269(13) on June 26, 1986, just four days before Act 315 of the same year added La.R.S. 34:3269(13) and amended La.R.S. 34:851.27(A) as explained above. It appears that Act 135 was simply incorporated into Act 315.
[2] La. Atty. Gen. Op. Nos. 10-0289 and 11-0004.
[3] Emphasis added.
[4] In this specific instance, La.R.S. 34:851.2(1) defines "Commission" as the Louisiana Wildlife and Fisheries Commission.
[5] La.R.S. 34:3269(13). See also
La. Atty. Gen. Op. No. 99-206 which includes a discussion of the application of La.R.S. 34:851.27 where there is no express exception as there is for the Cane River Waterway Commission.
[6] La.R.S. 34:3269(13).